FILED in the Trial Courts
State of Alaska Third District

NOV 16 2023

By_____
Clerk of the Trial Courts
_____Deputy

IN THE SUPERIOR COURT OF THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, as subrogee of Ann and George Bryson, an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRICAL COMPONENTS INTERNATIONAL, INC., a Delaware corporation; ELECTRICAL COMPONENTS CANADA, INC., a foreign entity; WARREN DISTRIBUTION, INC., a Nebraska corporation; KENDALL DEALERSHIP HOLDINGS, LLC, an Oregon limited liability company; KENDALL AUTOMOTIVE GROUP INC., an Oregon corporation; DOE ENTITIES 1-10,<br><br>Defendants. | Cause No. 3AN-23-09434CI<br><br>**COMPLAINT** |

## **COMPLAINT FOR DAMAGES**

Plaintiff, State Farm Fire & Casualty Company, as subrogee of Ann and George Bryson, by and through its attorneys, alleges the following complaint against Defendants Electrical Components International, Inc.; Electrical Components Canada, Inc.; Warren Distribution, Inc.; Kendall Dealership Holdings, LLC; Kendall Automotive Group Inc.; and Doe Entities 1-10.

**COMPLAINT - 1**

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\66551583\1

EXHIBIT B, Page 1 of 6

## I. PARTIES

1. State Farm Fire & Casualty Company ("State Farm") was and is an insurance company authorized to do business in the State of Alaska, with its principal place of business in the State of Illinois.

2. At all relevant times, State Farm provided insurance coverage to Ann and George Bryson ("The Brysons"), including for their property located at 7911 Hazel Ct, Anchorage, Alaska 99516 ("The "Home").

3. Upon information and belief, at all relevant times Electrical Components International, Inc. ("ECI") was and is a Delaware corporation with its principal place of business located at 1 City Place Drive, Creve Coeur, Missouri 63141.

4. Upon information and belief, at all relevant times Electrical Components Canada, Inc. ("ECC") was and is a foreign corporation with its principal place of business located at 91 Lincoln St, Tillsonburg, ON N4G 2P9, Canada.

5. Upon information and belief, at all relevant times Warren Distribution, Inc. ("Warren") was a Nebraska corporation with its principal place of business located at 950 South 10th Street, Omaha, Nebraska 68108.

6. Upon information and belief, at all relevant times Kendall Dealership Holdings, LLC ("KDH") was an Oregon limited liability company with its principal place of business located at 3449 E. Copper Point Dr, Meridian, Idaho 83642.

7. Upon information and belief, at all relevant times Kendall Automotive Group Inc. ("KAG") was an Oregon limited liability company with its principal place of business located at 3449 E. Copper Point Dr, Meridian, Idaho 83642.

8. Plaintiff is unaware of whether entities other than Defendants were involved in the design, manufacture, distribution and/or sale of the product at issue in this Complaint. Doe Entities 1-10 are those that may be involved in the design, manufacture, distribution and/or sale of the product or some component thereof and were the proximate cause of the fire

COMPLAINT - 2

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\66551583\1

EXHIBIT B, Page 2 of 6

damage alleged herein. Plaintiff requests leave to name any such entity in this lawsuit once the identity is known.

## II. JURISDICTION AND VENUE

9. State Farm realleges all preceding paragraphs as though fully set forth herein.

10. The amount of State Farm's claim for damages exceeds $100,000.00, so jurisdiction in this matter is conferred to the Superior Court of the State of Alaska.

11. The incident that forms the basis of this lawsuit occurred in Anchorage, Alaska,

12. and venue in this matter is properly laid in the Third Judicial District at Anchorage.

## III. FACTS

13. State Farm realleges all preceding paragraphs as though fully set forth herein.

14. At all relevant times, The Brysons owned the Home.

15. Prior to November 28, 2021, The Brysons purchased a new Toyota RAV4 from a "Kendall Toyota" automotive dealership located in Anchorage, Alaska.

16. Upon information and belief, the dealership that sold The Brysons this Toyota RAV4 was owned and/or operated by KDH and/or KAG.

17. Upon information and belief, this Toyota RAV4 came equipped with an engine block heater (hereinafter "The Block Heater"), and therefore the vehicle with The Block Heater was sold to The Brysons by KDH and/or KAG.

18. Upon information and belief, The Block Heater was designed and/or manufactured and/or branded by ECC.

19. Upon information and belief, The Block Heater was distributed/sold by ECI.

20. Upon information and belief, The Block Heater was also distributed/sold by Warren.

21. On or about November 28, 2021, a fire occurred at the Home ("The Fire").

COMPLAINT - 3

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\66551583\1

EXHIBIT B, Page 3 of 6

22. Subsequent investigation revealed that the Fire was caused by a catastrophic failure within The Block Heater.

23. The Fire damaged the Home and its contents, and The Brysons were forced to move away from The Home while it was repaired/rebuilt.

24. State Farm made payments to The Brysons for the damages resulting from The Fire pursuant to the terms of its insurance policy; thus, State Farm is equitably, contractually, and legally subrogated to all rights and remedies that The Brysons may have against Defendants to the extent of its payments under the policy of insurance.

25. As a result of The Fire, State Farm incurred damages in an amount to be proven at trial, but currently estimated to be $1,315,505.69. State Farm anticipates making additional claim payments to its insureds as of the date of this Complaint.

### IV. COUNT I – PRODUCT LIABILITY

26. State Farm realleges all preceding paragraphs as though fully set forth herein.

27. Defendants ECC, ECI, and Warren were and are in the business of engineering, designing, manufacturing, developing, distributing, branding, and/or selling consumer electronics such as The Block Heater that is the subject of this Complaint.

28. Defendants KDH and KDG were and are in the business of selling vehicles, including the subject Toyota RAV4, that contain consumer electronics such as The Block Heater that is the subject of this Complaint.

29. Defendants owed a duty to design/manufacture and/or distribute/sell The Block Heater that was reasonably safe in engineering, design, and construction, free from defects, fit for its intended use, and to ensure that The Block Heater was safe and would not pose a risk of harm to ultimate users of the product.

30. The Block Heater was in a defective condition and unreasonably dangerous in that it contained design and/or manufacturing defects that made it prone to fail and cause fires.

COMPLAINT - 4

LEGAL\66551583\1

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

EXHIBIT B, Page 4 of 6

31. The Fire occurred as a direct and proximate result of defects in The Block Heater that existed at the time of manufacture, as well as the time of sale to The Brysons.

32. As a direct and proximate result of Defendants' breach of their duty to design/manufacture and/or distribute/sell The Block Heater that was reasonably safe and free from defects, Plaintiff was damaged in an amount to be proven at trial but currently estimated to be $1,315,505.69.

## V. COUNT II – FAILURE TO WARN

33. State Farm realleges all preceding paragraphs as though fully set forth herein.

34. Defendants knew or reasonably should have known of the design and/or manufacturing defects that existed in The Block Heater and its susceptibility of its product to experience failures and cause fires, prior to The Fire

35. Defendants owed a duty and breached its duty to by failing to warn consumers of the potential risks associated with use of The Block Heater despite Defendants' knowledge of the risk of danger and/or damages associated with the design and/or manufacturing defects described herein.

36. As a direct and proximate result of Defendants' failure to warn, Plaintiff was damaged in an amount to be proven at trial but currently estimated to be $1,315,505.69.

## V. PRAYER FOR RELIEF

WHEREFORE, State Farm prays the Court for relief as follows:

1. That State Farm be awarded its damages, including consequential and incidental damages, as may be proven at trial;

2. That State Farm be awarded the costs of this action, including its reasonable attorney's fees;

3. That State Farm be awarded pre-judgment and post-judgment interest as allowed by law; and

COMPLAINT - 5

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\66551583\1

EXHIBIT B, Page 5 of 6

4. That State Farm have and recover such other relief as this Court deems just and equitable.

DATED this 16th day of November, 2023.

        COZEN O'CONNOR

        */s/ Kyle A. Farnam*
        Kyle A. Farnam, Alaska Bar No. 1610085
        Attorney for Plaintiff State Farm Fire & Casualty Company

COMPLAINT - 6

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\66551583\1

EXHIBIT B, Page 6 of 6